**No. 54323.**—Alma Berge et al. *v.* United States, protests 139649–K, etc. (San Francisco).

Opinion by Rao, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 52477, the claim at 33⅓ percent under paragraph 412 was sustained.

**No. 54324.**—Louis Pizitz Dry Goods Company *v.* United States, petition 6576–R (Mobile).

Opinion by Rao, J. It appeared from the record that the petitioner entered its merchandise at the invoice price, based on the current rate of exchange, and that at the time of entry it had no information or knowledge that the value of the lighters in question was other or different from that appearing upon the invoice. Upon a full consideration of the entire record, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

Before the Third Division, May 9, 1950

**No. 54325.**—J. B. Hirsch Co. *v.* United States, protests 149091–K and 149123–K (New York).

Opinion by Johnson, J. At the trial plaintiff's witness testified that the trays were chiefly used as ash trays and sometimes to hold nuts; that the trays were put into a metal frame by the plaintiff before being sold; and that they were not of such character as would be suitable for use in the service of meals. It was held that the decorated chinaware trays in question are properly dutiable at 70 percent ad valorem under paragraph 212, without the additional assessment of the specific rate of 10 cents per dozen pieces. (*United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310) and Abstracts 41651 and 45893 followed.)